**WASHINGTON FEDERAL SAVINGS AND LOAN ASSOCIATION OF STILLWATER, Appellant,**

v.

**Thomas W. BAKER, et al., Defendants and Third Party Plaintiffs, Respondents,**

**First Plymouth National Bank, Third Party Defendant, Respondent.**

No. C8-85-301.

Court of Appeals of Minnesota.

Oct. 8, 1985.

Review Denied Dec. 13, 1985.

Harold D. Kimmel, Stillwater, for appellant.

James M. Strommen, Minneapolis, for Thomas W. Baker.

Allan R. Shaw, Minneapolis, for First Plymouth Nat. Bank.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This appeal is from a judgment entered December 6, 1984. The trial court found that a loan made by appellant Washington Federal to respondents Thomas and Patricia Baker was usurious and thereby void. We reverse.

## FACTS

Washington Federal is a federally chartered savings and loan association. On June 28, 1975, Thomas Baker applied for a federally insured property improvement loan so that he could remodel a four-plex owned by his business. Washington Federal approved the application and Baker executed a promissory note in the sum of $19,100.16. The note included principal of $10,000 and interest at 12% per annum for 12 years, equaling $9,100.16. The note was secured by an Assignment of Rent Agreement and an Agreement Not to Sell or Encumber Real Property. Washington Federal paid insurance premiums to the Department of Housing and Urban Development (HUD) throughout the life of the loan.

Baker defaulted on the loan in 1979. Washington Federal accelerated the Note and sought the balance owing from HUD.

HUD denied Washington Federal's claim stating "the loan was ineligible [for FHA insurance] at inception" because loans in excess of $7,500 need to be secured by a mortgage on the improved property. HUD deemed the assignment/encumbrance agreement inadequate. Baker now claims the interest rate of 12% was usurious because it didn't qualify under the statute authorizing a higher rate to savings and loan associations making loans insured pursuant to the national act. Minn.Stat. § 47.20 (1974).

## ISSUE

Was Washington Federal's loan to the Bakers usurious under Minn.Stat. § 334.01 (1974)?

## ANALYSIS

1. Under Minn.Stat. § 334.01 (1974), the legal rate of interest on any loan not exempted from the usury laws could not exceed 8 percent. Washington Federal argues that its loan with interest of 12% is exempted from the usury statute because the loan was authorized by Minn.Stat. § 47.20 (1974) which provided:

[S]avings and loan associations organized under the laws of this state or the United States * * * are authorized:

(1) To make such loans and advances of credit and purchases of obligations representing loans and advances of credit as are insured by the secretary of housing and urban development pursuant to the national housing act, as amended, * * * and to obtain such insurance * * *.

*Id.* Such loans are exempt from the usury laws:

No law in this state prescribing the nature, amount or form of security or requiring security upon which loans or advances of credit may be made, or prescribing or limiting interest rates upon loans or advances of credit, or prescribing or limiting the period for which loans

or advances of credit may be made, shall be deemed to apply to loans, advances of credit or purchases made pursuant to section 47.20, paragraphs (1) and (2). Minn.Stat. § 47.21 (1974).

Usury is generally defined as taking or receiving more interest or profit on a loan than the law permits. If it is determined that a loan is usurious the transaction is unenforceable and the lender forfeits both interest and principal payments. *Midland Loan Finance Co. v. Lorentz*, 209 Minn. 278, 287, 296 N.W. 911, 915 (1941). To conclude that a transaction is void for usury this court must find the following: (a) a loan of money or forbearance of a debt; (b) an agreement between the parties that the principal shall be repayable absolutely; (c) the exaction of a greater amount of interest or profit than is allowed by law; and (d) the presence of an intention to evade the law at the inception of the transaction. *Schauman v. Solmica Midwest Inc.*, 283 Minn. 437, 439, 168 N.W.2d 667, 669 (1969). The absence of any one of these requirements precludes a finding of usury. *Van Asperen v. Darling Olds, Inc.*, 254 Minn. 62, 69, 93 N.W.2d 690, 695 (1958).

Although the first three requirements have been met in this transaction, there is no evidence that Washington Federal intended to evade the usury law when it made the loan to the Bakers. Minn.Stat. § 47.20 required Washington Federal to obtain insurance for Baker's home improvement loan from HUD. Washington Federal submitted premium payments to HUD, which accepted them throughout the life of the loan. Washington Federal had a right to treat this transaction as a HUD insured loan and therefore exempt from the usury statute. It was not until HUD denied payment of Washington Federal's claim for the remaining balance on the loan that Washington Federal was first made aware of an alleged failure to comply with HUD's insurance regulations. HUD's claim that the assignment of rents agreement did not fulfill security requirements contradicts the testimony of Lowella Friedrich, treasurer and manager of loan servicing for Washington Federal, who testified that HUD informed her that rather than saddle the loan with a "cumbersome mortgage", it would be better to use the assignment of rents agreement.

Where a transaction is entered into in good faith, with no purpose to evade the usury law, it will be upheld. *Wetsel v. Guaranteed Mortgage Co.*, 195 Minn. 509, 512, 263 N.W. 605, 606 (1935). Washington Federal's adoption of the assignment of rents agreement on the recommendation of HUD officials and its submission to HUD of insurance premiums which were accepted by them showed good faith conduct in exacting under the authority of Minn.Stat. § 47.20 an interest rate higher than legally allowed under the usury statute then in effect.

### DECISION

Washington Federal's good faith belief that it met the requirements of a HUD insured loan, and with it the right to exact a higher interest rate under Minn.Stat. § 47.20 (1974) rendered the transaction not usurious.

Reversed.